IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| JEROME LEWIS, ) | |
| ) | CASE NO. 08-30217-DHW |
| Debtor. ) | |

**RESPONSE TO DEBTOR'S OBJECTION TO CLAIM NO. 6 OF
THE INTERNAL REVENUE SERVICE**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service) and moves this Honorable Court and in response to Debtor's Objection to Claim No. 6 of the Internal Revenue Service would state as follows:

1. On February 7, 2008, the Debtor filed for Chapter 13 relief and proposed as amended, a $1,050.00 Pot Plan which did not provide for priority claims of the Service. The Amended Plan was confirmed on April 25, 2008 in Montgomery, Alabama. There was no service upon the Internal Revenue Service or counsel for the Service of the Notice of Meeting of Creditors, the Chapter 13 Plan of Reorganization, or the Amended Plan. [Docs. # 1, 2, 7, 12, 15, 17].

2. On June 9, 2009, the Service untimely filed a Proof of Claim in the total amount of $5,748.13 of which $5,499.00 was classified as unsecured priority and $249.13 was classified as general unsecured. [Claim # 6-1].

3. On March 4, 2010, the Chapter 13 Trustee filed: Trustee's Motion to Modify Debtor(s) Plan to provide for the priority claim of the Service. The Court set confirmation of the Modified Plan for April 19, 2010. [Docs. # 25, 28].

4. On March 29, 2010, the Debtor filed a Response to Trustee's Modified Plan and the instant Objection to the Claim of the Internal Revenue Service. The Debtor states as grounds that the claim of the Service "consisted of estimated tax for year 2007". He asserts that he received a refund for tax year 2007 in the amount of $6,294.00 and therefore does not owe the Service. [Docs. # 26, 27, 28].

5. Records of the Service reflect that the Claim of the Service is for the liability owed by the Debtor for tax year 2007 after the Debtor's return was subject to examination. The records of the Service also reflect that the Debtor received an additional $900.00 refund in addition to the $6,294.00 referenced in the Objection. On March 16, 2009, the Debtor entered into an installment repayment agreement and that the Debtor agreed with the Service in the amount of the additional tax. One $35.00 payment was made by the Debtor on May 19, 2009. This payment was refunded to the Debtor on June 3, 2009, when the Service was advised of the Debtor's bankruptcy filing. The Proof of Claim was filed June 9, 2009. [Claim #6-1].

6. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, the claim of the Service constitutes prima facie evidence of the validity and the amount of the claim. The proof of claim filed by the Service is "strong enough to carry over a mere formal objection without more." In re Holm, 931 F.2d 620, 623 (9th Cir. 1991). The Debtors have the burden to overcome the claim. See United States v. Kiester, 182 B.R. 52, 53 (M.D. Fla. 1995). An objection to claim, without substantial evidence to support an objection, is insufficient to deprive the claim of its presumptive validity. See In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir., 1993) (case involves sale of bankruptcy property subject to EPA CERCLA "clean up" provisions), cert. denied by Kahn v. Juniper Development

Group (on cross appeal filed against debtor's successor, Juniper Development Group, by Chapter 7 Trustee Kahn) 510 U.S. 914 (1993); In re Bertelt, 206 B.R. 5798, 584 (Bankr. M.D. Fla., 1996). "The burden of proof is on the objecting party to produce evidence 'equivalent in probative value to that of the creditor to rebut the prima facie effect of the proof of claim. However, the burden of ultimate persuasion rests with the claimant.' " quoting In re Busch, 213 B.R. 390, 392 (Bankr. M.D. Fla., 1997) quoting from In re Homelands of DeLeon Springs, Inc., 190 B.R. 666, 668 (Bankr. M.D. Fla. 1995) citing In re VTN, Inc., 69 B.R. 1005 (Bankr. S.D. Fla. 1987).

7. The Service opposes the relief sought by the Debtor.

Respectfully submitted this the 8th day of April, 2010.

                LEURA G. CANARY
                UNITED STATES ATTORNEY

                /S/ Patricia Allen Conover
                Patricia Allen Conover
                Assistant United States Attorney
                ASB 2214-R64P
                Patricia.Conover@usdoj.gov

P.O. Box 197
Montgomery AL 36101-0197
Telephone: 334-223-7280
Facsimile: 334-223-7201

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of April, 2010, I served a copy of the foregoing document, Response to Objection to Claim No. 6 of the Internal Revenue Service, on all parties listed below by the methods stated:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104
[electronic filing]

Curtis C. Reding
Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101
[electronic filing]

Richard D. Shinbaum
Attorney for the Debtor
Shinbaum, McLeod & Campbell
P.O. Box 201
Montgomery, AL 36101
[electronic filing]

Jerome Lewis
8715 Hank Williams Road
McKenzie, AL 36456
[United States Postal Service]

    /S/ Patricia Allen Conover
PATRICIA ALLEN CONOVER
Assistant United States Attorney